# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. BURLINGAME, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 10-714 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                                                                                  July 7, 2011

       Plaintiff David Burlingame filed this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability insurance benefits under Title II of the Social Security Act. Mr. Burlingame seeks reversal of the Commissioner's decision on the grounds that the Administrative Law Judge's ("ALJ") finding that Mr. Burlingame is not disabled was not based on substantial evidence because (1) the hypothetical posed to the vocational expert who found that there were jobs in the national economy that Plaintiff could perform did not encompass all of Mr. Burlingame's limitations; (2) the medical evidence provided by Plaintiff's treating psychotherapist was not properly evaluated; and (3) the ALJ improperly rejected some of Plaintiff's testimony. The Commissioner argues that the ALJ's determination was supported by substantial evidence and should be upheld.

       United States Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R"), agreeing with Plaintiff that the hypothetical posed to the vocational

expert did not encompass all of Mr. Burlingame's limitations and therefore the ALJ's decision was not based on substantial evidence. Magistrate Judge Caracappa recommended that this Court remand the final decision of the Commissioner for full and proper consideration of all of Plaintiff's limitations. Plaintiff filed timely objections to the R&R insofar as it rejected the second and third arguments, and requested that the case be assigned to another ALJ upon remand.

Upon this Court's careful, independent consideration of the administrative record, the parties' submissions, and the applicable law, the Court will approve and adopt in part the R&R's finding that the ALJ's disability determination was not supported by substantial evidence.

## I. Factual and Procedural Background

Mr. Burlingame filed an application seeking disability insurance benefits on December 6, 2004, claiming that he had been disabled since March 28, 2003. Mr. Burlingame was born on July 14, 1958; at the time of the alleged disability onset, he was classified as a "younger individual." He worked in the past as a metal worker, a landscaper, a postal handler, and a maintenance worker.[1] Mr. Burlingame is a veteran who served in the military from 1976 to 1980, and in 2003 the Department of Veterans Affairs ("VA") classified Mr. Burlingame with a 70% disability rating for Post-Traumatic Stress Disorder related to his military service.[2] The VA also classified Plaintiff with a 100% unemployability rating. The VA determined that as a result of service-related disabilities, Plaintiff had trouble keeping jobs because of an inability to control

---

[1] R&R at 1-2.

[2] R. 632.

his temper and trouble concentrating.[3]

This is the second time Plaintiff has sought relief in this Court. Plaintiff's application for disability benefits was initially denied by the ALJ on June 5, 2006.[4] The ALJ found that although Plaintiff had several severe impairments, he retained the residual functional capacity to perform work and was not disabled.[5] After the Appeals Council denied review, Plaintiff filed an action in this Court on December 13, 2006, at Civil Action No. 06-5465. In that case, Magistrate Judge Caracappa recommended remand, determining that the ALJ had failed to reconcile the reports of Mr. Burlingame's treating psychologist with the conclusions of a treating psychiatrist,[6] failed to give the VA's disability determination substantial weight or explain her reasons for rejecting it,[7] and failed to adequately consider the effect of Plaintiff's back and knee conditions in combination with his mental impairments.[8] This Court approved and adopted the R&R and remanded the case for a new hearing. The case was heard on remand before the same ALJ, who again determined that Mr. Burlingame was not disabled, and the Appeals Council again denied review. Mr. Burlingame then returned to this Court by filing this action.

---

[3] R. 184-86.

[4] R. 16-22.

[5] R. 19.

[6] Civil Action No. 06-5465, R&R at 19 (June 28, 2007).

[7] Id. at 17.

[8] Id. at 20.

## II. LEGAL STANDARDS

Disability determinations before an ALJ "involve shifting burdens of proof."[9] The claimant initially satisfies the burden of showing he is disabled by demonstrating that he cannot return to his customary occupation.[10] Once the claimant's initial burden is met, the burden shifts to the Commissioner, who must show that the claimant can still engage in substantial gainful activity.[11]

This burden-shifting process follows a five-step sequential evaluation process promulgated by the SSA.[12] At step one, the ALJ must determine whether the applicant is currently engaging in "substantial gainful activity"; if the ALJ so finds, the claim is denied.[13] In step two, the ALJ must determine whether the claimant is suffering from a severe impairment.[14] If the claimant suffers from a severe impairment, the ALJ next compares the claimant's impairment to a list of impairments presumed to preclude any gainful work, which are listed in Part 404, Subpart P, Appendix 1 of the applicable regulations ("listed impairments").[15] If the applicant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps

---

[9] Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).

[10] 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3).

[11] 20 C.F.R. §§ 404.1520(b), 416.920(b).

[12] 20 C.F.R. §§ 404.1520, 416.920; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

[13] 20 C.F.R. §§ 404.1520(b), 416.920(b); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

[14] 20 C.F.R. §§ 404.1520(c), 416.920(d).

[15] See 20 C.F.R. §§ 404.1520(d), 416.920(d).

four and five. At step four, the ALJ must determine whether the applicant has the residual functional capacity to perform past relevant work.[16] If the applicant proves he cannot resume his former occupation, the burden shifts to the Commissioner at step five, where the Commissioner must demonstrate that the applicant is capable of performing other work available in the national economy.[17] If the Commissioner cannot demonstrate that the applicant is capable of other work, the ALJ must find the applicant to be disabled.

A court reviewing a Social Security case must base its decision on the record of the administrative proceedings and the pleadings of the parties.[18] The court's review of legal issues is plenary, but its factual review is limited.[19] The court must determine whether the record contains substantial evidence to support the ALJ's factual findings, and whether the Commissioner applied the proper legal standards in making its decision.[20] For these purposes, "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] It is more than a mere scintilla, but requires less than a preponderance of the evidence.[22] If the ALJ's factual findings were determined according to the correct legal standards and are supported by substantial evidence, the court is bound by them,

---

[16] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[17] Id.; see also Plummer, 186 F.3d at 427.

[18] 42 U.S.C. § 405(g).

[19] Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999).

[20] See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

[21] Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

[22] See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

"even if [it] would have decided the factual inquiry differently."[23]

A district court must review *de novo* those portions of a magistrate judge's report and recommendation to which a party has objected.[24] The district court may in its discretion "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[25]

### III. DISCUSSION

After the remand hearing, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease of the knees, major depressive disorder, and a personality disorder.[26] The ALJ found that Mr. Burlingame could not perform past relevant work, but that he retained the residual functional capacity to perform light work.[27] The ALJ then posed the following hypothetical question to the vocational expert at the hearing:

> I'd like you to begin by assuming that we're talking about an individual of this claimant's age, education and past work history. Further assume the individual is capable of performing a range of light work lifting to 20 pounds with no prolonged standing and walking, no stairs, routine one to two step tasks, and limited contact with the public and co-workers.[28]

Based upon this hypothetical, the vocational expert testified that Plaintiff could not perform his

---

[23] Fargnoli, 247 F.3d at 38.

[24] 28 U.S.C. § 636(b)(1)(c).

[25] Id.

[26] R. 555.

[27] Id.

[28] R. 640.

6

past work but that there are jobs that exist in significant numbers in the national economy that a person with the listed impairments could perform, including packer, assembler, inspector, and sorter.[29] The ALJ therefore concluded that Plaintiff was not disabled.

In the R&R, Magistrate Judge Caracappa considered Mr. Burlingame's objections to the ALJ's decision, and recommended remand because the hypothetical posed to the vocational expert did not encompass all of Mr. Burlingame's limitations, but primarily considered his exertional limitations. Specifically, although the ALJ found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, a finding well-supported by the evidence, these limitations were not included in the hypothetical.[30] The Commissioner did not object to the recommendation, and the error warrants remand.[31]

Magistrate Judge Caracappa did not agree with Plaintiff's argument that the ALJ did not properly evaluate the reports of the treating physicians, and Plaintiff objects to this conclusion.[32] After a careful and independent review of the record, this Court overrules the objection. The ALJ stated that the assessments of Dr. Steppacher, the treating psychiatrist, were afforded substantial weight.[33] Mr. Burlingame objects that the ALJ did not give adequate consideration to Dr. Steppacher's finding of a GAF score of 50. The ALJ did reference the score, which, it should be noted, "does not have a direct correlation to the severity requirements of the Social Security

---

[29] R. 563.

[30] R. 555; R&R at 16.

[31] Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004).

[32] R&R at 17-21.

[33] R. 559.

mental disorder listings."[34] More importantly, the ALJ thoroughly discussed Dr. Steppacher's overall evaluation of Plaintiff, and the findings made by the ALJ do not conflict with that evaluation.[35]

Mr. Burlingame also objects to the R&R to the extent that it disagreed with his argument that the ALJ improperly rejected some of Plaintiff's testimony regarding his subjective complaints. The ALJ found that the "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."[36] In support of this conclusion, the ALJ noted that Mr. Burlingame was able to do household chores, to drive, and that when he worked for three months he was able to maneuver empty 30-gallon soap barrels into his truck, activities inconsistent with his allegations of increasingly severe pain that precluded him from walking or significant lifting.[37] The ALJ found that the claimant's assessment in a 2003 daily activities questionnaire more accurately reflected his abilities.[38] Immediately after this conclusion, the ALJ wrote that "[w]ith regard to his mental impairments, the record clearly shows that the claimant experiences ongoing issues with social interaction; however, the longitudinal record does not establish that these limitations are wholly

---

[34] Gilory v. Astrue, 351 F. App'x 714, 715 (3d Cir. 2009).

[35] Id. at 716.

[36] R. 558.

[37] Id.

[38] Id.

8

work preclusive."[39] Plaintiff argues that if the ALJ believed that the 2003 questionnaire was an honest assessment of his physical abilities, then the ALJ should have also concluded that the document accurately assessed Plaintiff's mental abilities. Magistrate Judge Caracappa believed that the ALJ was referring to Plaintiff's physical impairments when discussing the 2003 questionnaire and that the ALJ had provided substantial evidence to support the finding that Plaintiff's testimony was not wholly credible.[40] After careful and independent review of the record, the Court sustains the plaintiff's objection to the extent that the ALJ's decision is unclear with regard to the ALJ's evaluation of Plaintiff's testimony regarding his mental impairments, particularly in conjunction with his physical impairments.

Finally, Plaintiff has requested that the case be assigned to a different ALJ on remand. Because Plaintiff has not presented any facts suggesting that the ALJ was biased or not impartial,[41] the Court will not order reassignment.

## IV. Conclusion

For the foregoing reasons and those set forth in the Report and Recommendation, this Court reverses the Commissioner's denial of benefits, adopts in part the Magistrate Judge's R&R, and remands for further consideration. An appropriate order follows.

---

[39] Id.

[40] R&R at 22-23.

[41] 20 C.F.R. §§ 404.940, 416.1440.